2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edgardo Porfirio ESPINOSA, aka: Edgardo Espinosa,
Defendant-Appellant.
 No. 92-50564.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 5, 1993.
 
 Before: BROWNING, TANG, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edgardo Porfiro Espinosa appeals his conviction following jury trial for conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. Sec. 846 and possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Espinosa contends the district court erred by admitting as evidence his prior convictions for smuggling marijuana and possession of marijuana with intent to distribute. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Espinosa contends that the district court abused its discretion when it admitted evidence of his prior conviction because the Government failed to establish that the prior bad conduct (1) tended to show an element of the charged offense that was a material element in the case, (2) was similar to the offense charged, and (3) was not too remote in time. These arguments lack merit.
 
 
 4
 We review for abuse of discretion the district court's decision to admit evidence of prior bad conduct pursuant to Fed.R.Evid. 404(b). United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993). We review de novo whether the evidence falls within the scope of Rule 404(b). Id.
 
 
 5
 Evidence of prior bad conduct is admissible for the purposes of proving the defendant's knowledge, intent, and modus operandi. Fed.R.Evid. 404(b). To determine whether a prior conviction was properly admitted under Rule 404(b), the evidence must satisfy four requirements: "(1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases, the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based on sufficient evidence; and (4) the prior conduct must not be too remote in time." Id. Finally, the probative value of the evidence must outweigh its prejudicial effect pursuant to Rule 403. Id. The Government has the burden of proving that the evidence meets all of these requirements. Id.
 
 
 6
 Here, Espinosa was charged with conspiring to possess with intent to distribute and possessing with intent to distribute 2,251 kilograms (2 and 1/2 tons) of cocaine. Approximately 1,681 kilograms of the cocaine was found in tractor-trailers used to transport the cocaine from Los Angeles to Newark, New Jersey. The cocaine was obtained through contacts in Columbia. In 1984, Espinosa pleaded guilty to smuggling over 19,000 pounds of marijuana into the United States from Columbia and possession of the marijuana with intent to distribute. The 420 bales of marijuana were flown into Utah and loaded into a semi-tractor-trailer which was seized by Drug Enforcement Agency special agents.
 
 
 7
 Knowledge and intent are elements of possession with intent to distribute cocaine, see 21 U.S.C. Sec. 841(a), and thus Espinosa's knowledge and intent were material issues in this case. Consequently, the government was permitted to prove Espinosa's knowledge and intent through his prior conviction. See United States v. Jones, 982 F.2d 380, 382 (9th Cir.1992) (evidence of prior bad acts admissible to show knowledge or intent even if not contested by defendant). Because the government was offering the evidence to show Espinosa's knowledge, intent, and modus operandi, the prior conviction was relevant only if it was similar to the offense charged. See United States v. Bibo-Rodriguez, 922 F.2d 1398, 1402 (9th Cir.) (subsequent act need not be identical but similar to show knowledge and intent), cert. denied, 111 S.Ct. 2861 (1991); United States v. Ramirez-Jiminez, 967 F.2d 1321, 1326 (9th Cir.1992) (prior criminal conduct must be similar if offered to show modus operandi). Both offenses involved enormous quantities of drugs which originated in Columbia, the use of tractor-trailers for transportation, and the disguising of loads as legitimate cargo. Accordingly, we hold that the prior conviction for smuggling marijuana was similar to the charged offense. See United States v. Rubio-Villareal, 927 F.2d 1495, 1503 (9th Cir.1991) (earlier conviction for importation of marijuana similar to offense of importing cocaine where similar truck used with secret compartment), on reh'g, 967 F.2d 294 (on other grounds) (9th Cir.1992); cf. United States v. Hernandez-Miranda, 601 F.2d 1104, 1107-08 (prior conviction for smuggling marijuana in a backpack across the border not sufficiently similar to offense of importing heroin in a car but would be similar to a second offense of smuggling marijuana in a backpack). Moreover, the 1984 conviction was not too remote in time. See, e.g., United States v. Spillone, 879 F.2d 514, 519 (9th Cir.1989) (holding that a similar conviction more than ten-years old was not too remote) cert. denied, 498 U.S. 864 (1990), and cert. denied, 498 U.S. 878 (1990); United States v. Ross, 886 F.2d 264, 267 (9th Cir.1989) (similar bad conduct committed thirteen years earlier not too remote) cert. denied, 494 U.S. 1083 (1990).
 
 
 8
 Finally, we note that the prejudicial effect of the introduction of the prior drug conviction was limited by the district court's instruction to the jury that it was not to consider the evidence for any other purpose but to show motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.[1] Cf. United States v. Hadley, 918 F.2d 848, 852 (9th Cir.1990) (prejudicial effect limited by jury instruction on proper use of prior bad act evidence), cert. granted, 112 S.Ct. 1261 (1992), and cert. dismissed, 113 S.Ct. 486 (1992). The district court did not abuse its discretion by determining that the probative value of the evidence outweighed any prejudice to Espinosa. See Fed.R.Evid. 403.
 
 
 9
 Because all the prerequisites for admitting evidence of prior bad conduct were satisfied, we affirm the admission of Espinosa's prior drug conviction. See Arambula-Ruiz, 987 F.2d at 602.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Espinosa contends that the limiting instruction was incomplete because it did not caution the jury not to consider evidence of the prior conviction as a substitute for proof of the crime charged. While Espinosa objected to the introduction of the evidence of the prior conviction, he did not object to the limiting instruction offered by the district court. We discern no plain error in the district court's limiting instruction