2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John A. TIMMS, Plaintiff-Appellant,
v.
UNITED AIR LINES, INC., and the Boeing Co., Defendants-Appellees.
 No. 91-15728.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1993.
Decided July 8, 1993.
 
 Before FAIRCHILD*, BEEZER, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John A. Timms claims the district court erred in not excluding a letter he had written to United Airlines ("United"). He argues the letter should have been excluded as an offer to settle under the terms of Fed.R.Evid. 408. We affirm.
 
 
 3
 * "Evidentiary rulings are reviewed for abuse of discretion and are not reversed absent some prejudice." Mundy v. Household Finance Corp., 885 F.2d 542, 543 (9th Cir.1989).
 
 
 4
 Timms characterizes his letter as an offer to settle which is inadmissible under Fed.R.Evid. 408. Fed.R.Evid. 408 provides, in relevant part: "Evidence of ... offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount."
 
 
 5
 We recognize that the letter could be interpreted (and in fact was interpreted by United's insurer) as an opening offer to settle any claims Timms might have arising out of the in-flight explosion in exchange for the free tickets. However, as the district court recognized, "[e]ven though ... it is quite clear that United regarded this as an offer in compromise, it is not clear that the plaintiff did so." Timms does not even mention that he was injured in the letter. He had not filed any claim, nor was he represented by counsel. Cf. Mundy, 885 F.2d at 547 ("Although Mundy had not yet filed any claims, he had retained legal counsel at the time the offer was made.").
 
 
 6
 The letter also lacks the element of mutuality of obligation which Fed.R.Evid. 408 requires. Timms did not "promis[e] to accept[ ] a valuable consideration in compromising or attempting to compromise a claim;" he merely "requested" tickets. See Stoddard v. Stoddard, 641 F.2d 812, 815 (9th Cir.1981) ("A compromise and settlement ... is an agreement between two parties to terminate a disputed good-faith claim by means of mutual concessions"). Had United responded to the letter by simply sending the requested tickets, Timms would not have been barred from bringing a subsequent suit to recover for his injuries. In fact, Timms' counsel stated in a pre-trial proceeding, "I don't think it's--it's proper in the first instance to say that--that [Timms] would have settled his case for ten free tickets in the beginning."
 
 
 7
 Because we conclude that the letter did not represent an offer to compromise a claim under Fed.R.Evid. 408, we decline to hold that the district court abused its discretion in admitting the letter into evidence.[1]
 
 II
 
 8
 Even if the letter is not excluded under Fed.R.Evid. 408, the district court had the authority to exclude it under Fed.R.Evid. 403 if the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. However, the record indicates the district court did assess the potential for prejudice and concluded that the prejudicial effect was slight. The actual monetary value of the round-trip tickets was never admitted, and Timms had a full opportunity to explain the letter. Timms did not seek a limiting instruction, though the district court offered to give one.
 
 
 9
 The letter had "considerable" probative value. As Timms was seeking damages for emotional distress, his statement in the letter that he would continue to fly United and his failure to mention any physical or emotional injuries aside from the "stressful" nature of the experience is relevant evidence about his state of mind at that time. The district court did not abuse its discretion in determining the probative value of the letter was not substantially outweighed by the potential for unfair prejudice.
 
 The district court's ruling is
 
 10
 AFFIRMED.
 
 
 
 *
 Hon. Thomas E. Fairchild, Senior United States Circuit Judge for the 7th Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The district court noted also that the letter "should be admitted so that the jury would have a picture of contemporaneous evidence of the plaintiff's state of mind." We question whether evidence introduced to show state of mind is admissible as evidence "offered for another purpose" under Fed.R.Evid. 408, when the ultimate purpose of the evidence is to prove "liability for or invalidity of the claim or its amount." Because we hold that the district court did not abuse its discretion because the letter did not constitute an offer to compromise, we need not address this issue