2 F.3d 1158
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bennie Edward BENSON, Defendant-Appellant.
 No. 92-50282.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 8, 1993.
As Amended Aug. 4, 1993.
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bennie Edward Benson appeals his 92-month sentence imposed following entry of a guilty plea to two counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a).
 
 
 3
 Counsel for Benson filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identifies two possible issues for review: (1) whether the district court erred by making a two-level upward adjustment in Benson's United States Sentencing Guidelines offense level for an express threat of death, and (2) whether the sentence imposed was unconstitutionally disproportionate to the crime committed. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 A defendant waives his right to challenge an adjustment to his offense level under the Sentencing Guidelines if he does not object to the adjustment proposed in the presentence report. United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991). Here, Benson did not object at sentencing to the two-level enhancement for the making of an express threat of death during a robbery. Accordingly, the issue is waived. See id.
 
 
 5
 To determine whether a sentence is unconstitutionally disproportionate to the offense committed, the reviewing court considers (1) the gravity of the offense and the harshness of the penalty, (2) the sentence imposed on other criminals in the same jurisdiction, and (3) the sentence imposed for the same crime in other jurisdictions. Solem v. Helm, 463 U.S. 277, 292 (1983); United States v. Lai, 944 F.2d 1434, 1440-41 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992). Here, the statutory maximum sentence for the two counts of conviction was 480 months' imprisonment. See 18 U.S.C. Sec. 2113(a). The Guidelines range for Benson's adjusted offense level of 24 and criminal history category of V was 92 to 115 months' imprisonment. Benson was sentenced at the bottom of this range with a concurrent 92-month sentence for the two counts of conviction. Because the district court sentenced Benson well below the statutory maximum and considered his individual circumstances, we hold that the sentence imposed was not unconstitutionally disproportionate. See Lai, 944 F.2d at 1441.
 
 
 6
 The motion of counsel to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3