2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James L. TATUM, Plaintiff-Appellee,
v.
Norman CARLSON, Warden, Defendant,
and
Lt. Mickey Ray, et al., Defendant-Appellant.
 No. 89-55742.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 4, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mickey Ray, a defendant in this Bivens action[1], appeals the district court's denial of his motion for summary judgment on the ground of qualified immunity. An order denying summary judgment on the basis of qualified immunity is appealable. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). We review de novo the district court's denial of a summary judgment motion based upon a qualified immunity defense. Alexander v. Perrill, 916 F.2d 1392, 1395 (9th Cir.1990). We affirm.
 
 
 3
 Plaintiff/appellee James Tatum was transferred from the hospital facility in El Reno, Oklahoma to the federal penitentiary in Lompoc, California. Following his transfer, Tatum filed a Bivens action alleging that Ray, an employee at the United States Penitentiary in Lompoc, California, and other prison officials subjected Tatum to cruel and unusual punishment in violation of the Eighth Amendment before, during, and after his transfer to Lompoc. Ray and the prison officials moved for summary judgment. The district court granted summary judgment as to the other prison officials and granted partial summary judgment as to Ray. The district court denied only the portion of Ray's motion seeking summary judgment on the claim that Ray subjected Tatum to cruel and unusual punishment during Tatum's bus trip from Tucson, Arizona to San Diego, California. Ray timely appealed on the grounds that he did not violate Tatum's rights and that he was entitled to qualified immunity.
 
 
 4
 Federal officers are shielded from liability for damages in Bivens actions if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). An officer is not entitled to qualified immunity if the right allegedly violated is "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Qualified immunity is an affirmative defense, and the federal official bears the burden of proof. Harlow, 457 U.S. at 815. When ruling on a motion for summary judgment, the court must determine whether there is a genuine issue of material fact such that a reasonable jury could return a verdict for the non-moving party and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catratt, 477 U.S. 317, 323 (1986).
 
 
 5
 Here, Dr. Stanley Nelson, Chief of Medicine for the United States Medical Center for Federal Prisoners, cleared Tatum for transportation from the hospital facility in El Reno, Oklahoma to the federal penitentiary in Lompoc, California in May 1984.[2] Nelson opined that Tatum could be transferred "by any means available," which included transportation by bus. Tatum's June 1984 transfer included a segment in which he was bused from Tucson to San Diego.
 
 
 6
 Ray acknowledges that Tatum passed out on at least two occasions during the eleven-hour bus trip from Tucson to San Diego.[3] Tatum furnished affidavits of fellow prisoners who were on the bus trip who testified that temperatures exceeded 100 degrees Fahrenheit and that at least five times during the trip the bus broke down because of overheating. The affidavits also stated that Tatum complained of chest pains but that Ray ignored Tatum's calls for help. In support of his summary judgment motion, Ray provided an affidavit of the Hospital Administrator at the San Diego facility, who stated that Tatum had no medical complaint when he arrived in San Diego. Ray also furnished an affidavit of the Hospital Administrator at the Lompoc facility, who noted that Tatum was not in acute distress when he arrived from San Diego but complained of a sharp burning pain in the chest and epigastric region.
 
 
 7
 It is unclear from the record what events occurred during Tatum's bus trip from Tucson to San Diego. On this evidence, we cannot conclude that Ray was entitled to qualified immunity. See Celotex, 477 U.S. at 323; Roth v. Veteran's Admin., 856 F.2d 1401, 1408 (9th Cir.1988). Accordingly, we affirm the district court's partial denial of summary judgment.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (citizens may sustain action for money damages against federal officials for violation of constitutional rights)
 
 
 [2]
 Tatum underwent coronary bypass surgery in February 1984
 
 
 [3]
 Although Ray did not provide an affidavit relating to the events that occurred during Tatum's bus trip, Ray acknowledged in his opening brief that Tatum twice was revived from unconsciousness by application of wet towels