2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor Wayne FOX, Defendant-Appellant.
 No. 93-30462.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 4, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Wayne Fox appeals his conviction, which followed his conditional guilty plea to manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Fox claims the district court erred by denying his motion to suppress evidence seized pursuant to an invalid warrant. Fox argues, first, that the warrant was based on an affidavit containing material omissions and misrepresentations, and, second, that the warrant was unconstitutionally overbroad. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 A. Probable Cause
 
 3
 A search warrant must be supported by an affidavit establishing probable cause under the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 238 (1983). The warrant is void if the affidavit upon which it is based contains a false statement or a deliberate or reckless omission which was necessary to the magistrate's finding of probable cause. United States v. Tham, 960 F.2d 1391, 1395 (9th Cir.1991) (citing Franks v. Delaware, 438 U.S. 154, 155-56 (1978)); United States v. Stanert, 762 F.2d 775, 781 (9th Cir.), amended, 769 F.2d 1410 (9th Cir.1985).
 
 
 4
 When a warrant is founded on allegedly false statements, we review de novo the district court's ruling as to the existence of probable cause. United States v. Elliott, 893 F.2d 220, 222 (9th Cir.), amended 904 F.2d 25 (9th Cir.), cert. denied, 498 U.S. 904 (1990). We review for clear error its determination whether a statement was intentionally or recklessly false, United States v. Bertrand, 926 F.2d 838, 842 (9th Cir.1991), giving "great weight" to its determination of the credibility of witnesses, United States v. Allen, 699 F.2d 453, 459 (9th Cir.1982). An affidavit, valid on its face, which contains deliberate or reckless omissions of fact that would tend to mislead a magistrate should be reviewed for sufficiency with the omitted truths included. United States v. Flores, 679 F.2d 173, 176 (9th Cir.1982), cert. denied, 459 U.S. 1148 (1983); Stanert, 762 F.2d at 782.
 
 
 5
 Washington Fish and Game authorities discovered 241 marijuana plants growing in Fox's closet and attic in the course of their search of his house for a video tape showing the illegal killing of a cougar in Idaho. Eleven days before Fox's house was searched, Idaho Fish and Game Officer Greg Johnson had sought a warrant from an Idaho magistrate to search the home of one Jim Keener. Johnson testified before the Idaho magistrate:
 
 
 6
 On January 2, 1992 Paul Coward [and Victor Fox were] involved in [the] unlawful taking of [a] moose in Boundary County, Idaho.... Shortly after I charged Coward and Victor Fox in this case I received ... information from [a] confidential informant saying that Paul Coward had also killed a cougar in Idaho two days before the moose was killed.... [T]he informant ... said that Coward was hunting with Jim Keener of Boundary County, Idaho and that Keener filmed the kill with a video camera.... In addition, I have checked Mr. Keener hunting several times and on many occasions I have observed him with video equipment.... In summary, two of the independent sources have provided information that Coward killed a cougar in Idaho two days prior to his being involved in a moose kill, that he killed it with a bow and arrow, and that Jim Keener filmed the kill with his video camera.
 
 
 7
 (ER at 18-20).
 
 
 8
 The warrant supporting the search of Fox's person, truck, and home was based in part on a written report from the same Idaho Fish and Game officer, Greg Johnson. The report read, in part:
 
 
 9
 On Jan. 2, 1992 Paul Coward and Victor Fox were involved in the unlawful taking of a cow moose in Boundary co. Idaho. Both were charged in the case. Shortly after the Moose was killed, I received ... information from a confidential informant saying that Paul Coward had killed a couger [sic] in Idaho 2 days before the moose was killed (12/31/91). The informant said that Coward killed the cat with a Bow and Arrow and they filmed the kill with a video camera. On Jan 6, 1992 Jim Keener checked a couger [sic] in to get a pelt tag for it. His tag was on the animal and the kill date was listed as 12/31/91.
 
 
 10
 * * *
 
 
 11
 I have contacted Victor Fox and Jim Keener in the field hunting. I have observed them with Video cameras and believe it to be common practice for them to film hunts
 
 
 12
 (ER 6-7).
 
 
 13
 Fox claims that when Johnson's search of Keener's residence turned up nothing, Johnson rewrote the confidential informant's statements to implicate Fox. Johnson testified at a Franks hearing that his written report reflected information he had gleaned from a conversation with Keener's hunting partner, Jack Riddle, after the Keener warrant had been executed. Johnson testified that Riddle told him he was on the hunt when the cougar was killed and that Fox had filmed the hunt. Riddle also reportedly told Johnson that, last he knew, Fox had the film.[1]
 
 
 14
 After his conversation with Riddle, Johnson testified, he called Washington Fish and Game Officer Brooks Carmichael to ask his help in investigating Fox. Carmichael learned from a reliable informant that, six weeks earlier, Fox had shown a videotape of an Idaho cougar being hunted with a bow and arrow and later draped across a forest service gate. A court commissioner in Washington issued a warrant to search Fox's person, truck and home for a video camera, video tapes and photographs based on Carmichael's affidavit and Johnson's report.
 
 
 15
 In light of this testimony, the district court concluded that there was probable cause to support the warrant. We agree. Johnson's substitution of the word "they" for "Keener" in his report leaves the reader with the false impression that his confidential informants identified Fox as the cameraman, but his editions cannot be characterized as "deliberate or reckless omissions of fact." See Bertrand, 926 F.2d at 842. Moreover, the report is substantially accurate in view of Johnson's conversation with Riddle. Reading the report with the omitted truths included, that is, with Riddle as the source of Johnson's information, we hold there was probable cause to support the warrant against Fox. See Elliott, 893 F.2d at 222.
 
 B. Overbreadth
 
 16
 We review de novo an overbreadth challenge to a search warrant. United States v. Perdomo, 800 F.2d 916, 920 (9th Cir.1986). Fox argues the search warrant was overbroad because it covered his person, home and truck, and authorized the seizure of "all tapes and photos." We disagree. The original warrant directed the authorities to search for and seize "video tapes, video camera, [and] photographs." The district court excised the license to seize photographs since there was no reason to believe Fox possessed photographic evidence of the illegal hunt. A video camera or the tape showing the illegal hunt would have been probative evidence in the Fish and Game investigation. We conclude that the warrant properly and specifically directed the authorities to seize those items from places where they might reasonably be found. See Perdomo, 800 F.2d at 920.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Riddle's testimony at the Franks hearing was more equivocal. While he denied having told Officer Johnson that the hunt was videotaped, he admitted having been present when Coward, Fox and others loaded the dead cougar, and seeing Fox with "some kind of a little camera." The district court did not clearly err by crediting the Fish and Game officer's testimony over Riddle's. See Bertrand, 926 F.2d at 842