2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harry D. JACOBSON, Defendant-Appellant.
 No. 92-30191.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 4, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harry D. Jacobson appeals his 120-month sentence imposed after a guilty plea to use of interstate commerce facilities in the commission of murder-for-hire in violation of 18 U.S.C. Sec. 1958. For the first time on appeal, Jacobson raises numerous constitutional challenges to U.S.S.G. Sec. 2E1.4. The district court relied on section 2E1.4 to determine Jacobson's base offense level. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 Generally, we review de novo the constitutionality of a Guideline. United States v. Barton, No. 92-30304, slip op. 6133, 6144 (9th Cir. June 15, 1993). Nonetheless, a criminal defendant waives his right to challenge the probation officer's calculation of his sentence if he fails to raise the issue before the district court. United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991).
 
 
 4
 Here, the district court summarized the sentencing calculations contained in the presentence report and asked if either party objected to them.[2] Neither the government nor defense counsel objected to the calculations. Defense counsel merely requested a downward departure on the basis of mitigating circumstances. The court then afforded Jacobson his right of allocution. Jacobson did not raise any objections. The court found there were no mitigating circumstances and imposed a ten-year sentence.
 
 
 5
 Because Jacobson did not raise his constitutional challenges to section 2E1.4 before the district court, we deem such arguments waived. See Visman, 919 F.2d at 1394.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Jacobson's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Jacobson's motion to enlarge the record on appeal
 
 
 [2]
 The presentence report indicated that, pursuant to U.S.S.G. Sec. 2E1.4, Jacobson's base offense level was 32. The PSR recommended a 2-level reduction for acceptance of responsibility. Based upon a total offense level of 30 and criminal history category I, the PSR indicated the applicable sentencing range was 97 to 121 months, see U.S.S.G. Sec. 5A, but added that the statutory maximum was ten years, thus narrowing the actual range to 97-120 months, see U.S.S.G. Sec. 5G1.1(c)(1)