2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Grady Lee GUARD, Defendant-Appellant.
 No. 86-5024.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 4, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Grady Lee Guard appeals his conviction, which followed a jury trial, for possessing an unregistered machinegun in violation of 26 U.S.C. Secs. 5861(d), 5871. Guard claims the evidence was insufficient to show he possessed a machinegun within the meaning of 26 U.S.C. Sec. 5845(b). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the prosecution, " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Mullins, 992 F.2d 1472, 1477 (9th Cir.1993) (quotation omitted). Section 5845(b) defines a machinegun as:
 
 
 4
 [A]ny weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.
 
 
 5
 26 U.S.C. Sec. 5845(b). The jury is entitled to credit the testimony of one expert over that of another. See United States v. Griley, 814 F.2d 967, 975 (4th Cir.1987); United States v. Oakes, 564 F.2d 384, 388 (10th Cir.1977), cert. denied, 435 U.S. 926 (1978). A weapon need not function to be a machinegun for which registration is required. See United States v. Griley, 814 F.2d at 975 (upholding conviction where machinegun was in two parts) United States v. McCauley, 601 F.2d 336, 338 (8th Cir.1979) (weapon lacking magazine necessary to fire was still a machinegun within the meaning of the statute).
 
 
 6
 Here, Guard possessed the frame of a semi-automatic rifle, which, the government's expert testified, had been modified to support a weapon that could fire automatically. The sides had been bent and welded upward. A trigger guard, feed ramp, magazine housing and rear side plate had been added to the frame, and two holes drilled into the side of it, apparently to hold the selector lever which would enable the weapon to fire automatically. The holes were misaligned, but the government's expert testified that they had no purpose other than to accommodate a selector lever and that human error could easily account for their misalignment. Guard's own expert conceded that the holes made it appear that someone was trying to make a machinegun. Both experts agreed the gun would require five to seven hours' work and 11 small parts to fire automatically. Guard argues that, because the weapon never was a machinegun and because the holes drilled into the frame were ineffectual, he possessed only a legal, semi-automatic weapon. We disagree.
 
 
 7
 The evidence that the frame had been modified to house an automatic weapon was enough to support a reasonable juror's conclusion that Guard possessed the frame of a weapon designed to shoot automatically. See Griley, 814 F.2d at 975. The misaligned holes do not legally undermine this factual conclusion. The statute requires no more. See 26 U.S.C. Sec. 5845(b). Accordingly, we uphold the jury's verdict. See Adler, 879 F.2d at 495.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3