2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Alex AUGBORNE, Defendant-Appellant.
 No. 92-50762.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 5, 1993.
 
 Before: BROWNING, TANG, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANUM**
 
 
 2
 John Alex Augborne appeals his 264-month sentence imposed following entry of a guilty plea to being a felon in possesion of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Augborne contends the district court erred by relying upon unfounded inferences about his criminal history when imposing sentence. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 While lawful sentences within the applicable sentencing guideline range are generally not appealable, due process requires that the defendant's sentence be based upon accurate information. United States v. Jones, 982 F.2d 380, 385 (9th Cir.1992). Augborne argues that his sentence was imposed in violation of law because the district court wrongfully took into consideration its belief that Augborne had committed additional crimes for which he had not been arrested. We therefore have jurisdiction because a sentence imposed for conduct not legally attributable to the defendant would be in violation of the law. See 18 U.S.C. Sec. 3553 (describing factors to be considered by sentencing court and focusing on conduct of the defendant); Jones, 982 F.2d at 385.
 
 
 4
 Here, the district court did make comments suggesting that it believed Augborne had been involved in criminal activity on occasions not caught by the police.[1] Nonetheless, the district court explicitly stated that it was not considering this belief in making its sentencing decision. In addition, the district court properly considered the factors enumerated in 18 U.S.C. Sec. 3553(a) and stated reasons for choosing a sentence of 264 months, the mid-point of the applicable guideline range.[2]
 
 
 5
 The district court, therefore, properly imposed sentenced.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 When defense counsel noted that several of the predicate convictions were more than 15 years old, the district court commented:
 It is interesting. We always play legal ostrich in this [sic] these cases, and by that I mean this. Well, it was 15 years ago he did this. Well, you have a pattern as long as your arm over decades. Do you think he got caught every time he was doing something?
 
 
 [2]
 The district court found that Augborne was an armed career criminal under the Armed Career Offender Act, 18 U.S.C. Sec. 924(e)(1), and U.S.S.G. Sec. 4B1.4. Based upon this finding, the district court determined that Augborne's offense level was 33 with a criminal history category of VI, resulting in a guideline range of 235 to 293 months' imprisonment. On appeal, Augborne does not argue that the guideline range was improperly calculated