2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector Jesus GONZALEZ-MORALES, aka Hector Jesus Gonzalez,
Defendant-Appellant.
 No. 93-10041.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 9, 1993.
 
 Before: BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Jesus Gonzalez-Morales appeals his conviction, following a conditional guilty plea, for possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Gonzalez-Morales contends the district court erred by denying his motion to suppress evidence because Border Patrol Agent Everett lacked reasonable suspicion to stop the automobile Gonzalez-Morales was driving. We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse.
 
 
 3
 We review de novo whether founded suspicion existed for an investigatory stop of a vehicle. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989).
 
 
 4
 The Fourth Amendment prohibits an officer from stopping a vehicle without a reasonable or founded suspicion of criminal conduct at the time of the stop. United States v. Rodriguez, 976 F.2d 592, 594 (9th Cir.1992), amended on other grounds, No. 91-50423, slip op. 7423 (July 14, 1993); United States v. Salinas, 940 F.2d 392, 394 (9th Cir.1991). Founded suspicion exists when an officer is aware of specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that the particular person to be detained has committed or is about to commit a crime. Salinas, 940 F.2d at 394; Hernandez-Alvarado, 891 F.2d 1414, 1416. The facts are to be interpreted in light of a trained officer's experience, United States v. Cortez, 449 U.S. 411, 418 (1981), and the whole picture must be taken into account, United States v. Sokolow, 490 U.S. 1, 8 (1989).
 
 
 5
 Here, Agent Everett testified to the following facts at the suppression hearing: In February 1992, the Nogales, Arizona Border Patrol station set up a vehicle checkpoint just north of Nogales on Interstate 19 ("I-19"), about 15 miles from the Mexican border, in an area considered by Border Patrol agents to be notorious for smuggling activity. On March 24, 1992, when the checkpoint had been in operation twenty-four hours a day for fourteen days, Everett was monitoring a side road that could be used to avoid the checkpoint. A vehicle could bypass the checkpoint by exiting I-19 at the exit immediately preceding the checkpoint, the Rio Rico exit, traveling north on Pendleton Drive, which runs parallel to I-19, and re-entering I-19 via Santa Gertrudis Lane, an unpaved road. Everett was positioned so that he could see the intersection of Pendleton Road and Santa Gertrudis Lane.
 
 
 6
 At 8:30 a.m. on March 24, Everett saw a small sedan travelling slowly northward on Pendleton Drive. The vehicle turned left on Santa Gertrudis Lane, in the direction of I-19. As it turned, the driver saw the marked Border Patrol car. Everett followed the car, which slowed down to 5 to 10 m.p.h., for 50 to 75 yards, and then stopped it. Gonzalez-Morales consented to a search of the car, and marijuana was found in the trunk.
 
 
 7
 Everett stopped Gonzalez-Morales based on the following facts: the area is considered notorious for alien and narcotics smuggling; the driver was following a route that could be used to circumvent the immigration checkpoint; he was driving north at a time when most traffic headed south; he was driving slowly; Everett did not recognize the car as a local vehicle; on that day, Santa Gertrudis Lane was partially flooded by the Santa Cruz River about 400 yards to the east, making it difficult or impossible for a vehicle with low clearance to cross the river; and the driver appeared startled when he saw the Border Patrol agent watching.
 
 
 8
 In this case, the "whole picture" does not provide sufficient articulable facts to support a finding of founded suspicion. Agent Everett suspected that Gonzalez-Morales was attempting to evade the checkpoint, but there is nothing in the record indicating that Everett or any other officer saw Gonzalez-Morales attempting to evade the checkpoint. The record is devoid of a particularized and objective basis for suspecting that Gonzalez-Morales was involved in criminal activity. See Rodriguez, 976 F.2d at 595; Hernandez-Alvarado, 891 F.2d at 1417-18; see, e.g., United States v. Robert L., 874 F.2d 701, 704 (9th Cir.1989) (erratic driving or violation of traffic laws may justify investigatory stop); People of Territory of Guam v. Ichiyasu, 838 F.2d 353, 356 (9th Cir.1988) (officer knew that hit-and-run suspect had driven down dead-end-road minutes before stop; spotted elderly well-dressed man in cab emerging from that road at 2 a.m. in nonresidential area); United States v. Garcia-Nunez, 709 F.2d 559, 561 (9th Cir.1983) (officer had anonymous tip identifying specific vehicle used for smuggling aliens); Cortez, 449 U.S. at 419-20 (officers had deduced from studying tracks when and where illegal crossing was likely to be attempted again).
 
 
 9
 The other factors relied on by Everett, taken together, do not support an inference that a crime was being committed. The fact that Everett did not recognize the vehicle as belonging to local traffic, and the fact that Santa Gertrudis Lane may not have been passable to a low clearance vehicle on the day of the arrest because the river was high could support an inference that the driver was not familiar with local conditions, but do not suggest illegal activity. Similarly, the fact that Gonzalez-Morales was driving slowly before turning off on to Santa Gertrudis Lane, a dirt road, is not inherently suspicious. Cf. Sanchez-Vargas, 878 F.2d 1163, 1166 (founded suspicion where officer spotted vehicle matching description transmitted by other Border Patrol agents who had seen the vehicle cross the border illegally, proceeding cautiously northward on border area road frequented by smugglers). Finally, that Gonzalez-Morales made eye contact with Agent Everett as he turned on to Santa Gertrudis Lane and slowed down when Everett began to follow him in his marked Border Patrol car, are neutral facts. See Salinas, 940 F.2d at 394; Robert L., 874 F.2d at 703.
 
 
 10
 Although under certain circumstances, conduct that could be innocent may become suspicious, see Sokolow, 490 U.S. at 9, here, the facts, taken together along with inferences reasonably drawn from them, were insufficient to support a founded suspicion that Gonzalez-Morales had committed or was about to commit a crime. See Rodriguez, 976 F.2d at 595-96; Hernandez-Alvarado, 891 F.2d at 1419. Accordingly, the district court's judgment is
 
 
 11
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3