2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cameron J. DODSON, Defendant-Appellant.
 No. 92-30242.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1993.*
Decided Aug. 11, 1993.
 
 Before: WRIGHT, BEEZER and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cameron J. Dodson appeals his jury conviction for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). The district court found Dodson to be an armed career criminal pursuant to 18 U.S.C. Sec. 924(e). The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Dodson contends that the district court erred by refusing to suppress the firearm which served as the basis of his conviction. He argues that suppression of the firearm was warranted for two reasons. First, Dodson insists that his arrest on October 18, 1991, was pretextual in nature and that the firearm was seized pursuant to this illegal arrest. Second, he claims that there was no probable cause to support the seizure of the automobile where the firearm was later found.
 
 
 4
 It is well established that an arrest may not be used as a pretext to conduct a search. United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986). In order to determine whether an arrest is pretextual, this court looks to the motivation or primary purpose of the arresting officer. Id. Dodson argues that the warrant for his arrest was issued not because of a probation violation as claimed, but in order to search for evidence linking Dodson to more serious crimes.
 
 
 5
 Dodson's claim is unpersuasive. Spokane Department of Corrections Officer Laura Mathiason testified that she did not request the warrant for the benefit of the inquiring police department. Rather, she had discovered that Dodson was delinquent on his restitution payments and had failed to notify the Department of Corrections of a change of address as required by the Department's regulations. After unsuccessful attempts to contact Dodson, Ms. Mathiason asked the court to issue a warrant for his arrest. The warrant was based on a legitimate probation violation. Officer Gately, the arresting officer, took Dodson into custody based on this warrant. He clearly believed the warrant was valid and that Dodson had committed a probation violation. This was his "motivation or primary purpose" for arresting Dodson. Thus, Dodson's arrest was valid and not pretextual in nature.
 
 
 6
 Dodson's claim that the firearm should be suppressed because his automobile was illegally seized is also meritless. The automobile was searched and the firearm was found only after the police secured a valid search warrant. This warrant was based on information wholly independent of the vehicle seizure.[1] Under these circumstances the exclusionary rule is inapplicable to the items found in Dodson's automobile. United States v. Bagley, 772 F.2d 482, 491 (9th Cir.1985), cert. denied, 475 U.S. 1023 (1986). Thus, even if the police did not have probable cause to seize Dodson's automobile, the search of the automobile was proper. It follows that the district court did not err in refusing to suppress the firearm found during this search. Id.
 
 II
 
 7
 Dodson next contends that the district court erred in refusing to suppress his confession to FBI Special Agent Thundercloud because it was the fruit of an illegal arrest. Statements that are "fruits" of illegal actions of a law enforcement officer must be excluded. Wong Sun v. United States, 371 U.S. 471, 484 (1963). However, this rule is inapplicable here because Dodson's arrest was legal for the reasons previously stated.
 
 III
 
 8
 Finally, Dodson contends that the indictment must be dismissed as duplicitous because in one count it charges three instances of possession of a firearm over a sixty-day period. This contention is without merit. Where a single count in an indictment encompasses two or more distinct and separate offenses, a court should dismiss the faulty count or require the government to elect the count or offense upon which it intends to present proof. United States v. Aguilar, 756 F.2d 1418, 1422-23 (9th Cir.1985). In the instant case, Dodson was charged with only one count: felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g). As the district court stated, the various alleged incidents during the time period did not constitute separate crimes. Rather, each incident was merely evidence of the single crime of possession of the firearm. The indictment was not duplicitous and was therefore proper.
 
 IV
 
 9
 We conclude that the district court did not err in refusing to suppress both the firearm and Dodson's confession, and that the indictment was appropriate and not duplicitous.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dodson does not contest the validity of the warrant issued to search his automobile