2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Vernon MAGEEAN, Defendant-Appellant.
 No. 92-16766.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 17, 1993.
Decided Aug. 12, 1993.
 
 Before: FAIRCHILD,* BEEZER, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Vernon Mageean was convicted in district court of conspiring to manufacture and distribute a controlled substance in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Secs. 1962(c) & (d). Following his conviction, Mageean filed a Sec. 2255 motion to vacate his sentence claiming that the prosecution withheld evidence which he could have used to impeach the testimony of three of the government's witnesses, and that the prosecution knowingly allowed the use of perjured testimony. The district court denied the motion on the ground that, whatever prosecutorial misconduct occurred, there was not a reasonable probability the outcome of the trial was affected. We affirm.
 
 
 3
 * We review de novo the district court's denial of a Sec. 2255 motion. Bagley v. Lumpkin, 798 F.2d 1297, 1300 (9th Cir.1986).
 
 
 4
 Every prosecutor has a duty to produce, on request by the defendant, evidence that is material to the defendant's guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963). The obligation includes production of impeachment evidence. Lumpkin, 798 F.2d at 1300. A conviction must be reversed if the withheld impeachment evidence is "material in the sense that its suppression undermines confidence in the outcome of the trial." Id. (quotation omitted).
 
 
 5
 In order to determine whether the impeachment evidence withheld is sufficiently material to require reversal, we must " 'consider directly any adverse effect that the prosecutor's failure to respond might have had on the preparation or presentation of the defendant's case,' and to assess that effect, 'in light of the totality of the circumstances.' " Id. at 1300-01 (quoting United States v. Bagley, 473 U.S. 667 (1985)). Evidence which is merely cumulative is not material. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir.1988).
 
 
 6
 In cases reversing a conviction on the grounds of undisclosed impeachment testimony, the Supreme Court has emphasized the crucial nature of the unimpeached witnesses' testimony. For example, in United States v. Bagley, 473 U.S. 667 (1985), the witnesses against whom information was withheld were described as the two principal witnesses for the government. Id. at 670. Likewise, in Giglio v. United States, 405 U.S. 150 (1972), the Court indicated that the government's case rested almost entirely on the testimony of a witness who was improperly impeached. Id. at 154.
 
 
 7
 We have followed the teaching of the Supreme Court. In United States v. Brumel-Alvarez, 991 F.2d 1452 (9th Cir.1992), the unimpeached witness provided the only testimony tying the defendant to cocaine and cocaine laboratories which were the subject of the criminal charges. Id. at 1455. See also Lumpkin, 798 F.2d at 1302 (prosecution failed to produce impeachment evidence on the witnesses who supplied the only evidence to convict the defendant); United States v. Shaffer, 789 F.2d 682, 688-89 (9th Cir.1986) (testimony of witness was critical to defendant's conviction). Along the same lines, we have held that where there is sufficient circumstantial and direct evidence supporting a conviction, that conviction will not be reversed on the grounds of undisclosed impeachment evidence. Strifler, 851 F.2d at 1202.
 
 
 8
 Mageean claims that, when considered in the totality of the circumstances, there is a reasonable probability that the jury would not have convicted him had certain impeachment evidence been disclosed. The totality of the circumstances in this case, however, does not support Mageean's claim.
 
 
 9
 Substantial evidence was offered at Mageean's trial in support of the drug manufacturing and distribution charges. Among other things, the jury was presented with evidence that Mageean instructed employees to change labels and repackage the precursor chemicals used in the manufacture of controlled substances. Employees also testified that they were told not to generate receipts or to leave the names off receipts when these chemicals were sold; chemicals were most often sold for cash and employees received exorbitant tips from the customers after the sales. The evidence included a handwritten formula for the manufacture of methamphetamine found on Mageean's desk at his chemical store. The jury also heard testimony that the note was in Mageean's handwriting.
 
 
 10
 Mageean concedes that the evidence was sufficient to support his conviction. Reply Brief at 3-4. He also concedes that none of the undisclosed impeachment evidence by itself would warrant reversal. Reply Brief at 2. Instead, Mageean argues that the evidence against him was not so strong as to overcome the combined impact of the undisclosed impeachment evidence.
 
 
 11
 Mageean's attempt to minimize the significance of the evidence is unpersuasive.[1] We hold that the evidence presented against Mageean was more than enough to offset the "combined impact" of the undisclosed impeachment evidence, and that there is no reasonable probability that disclosure would have changed the jury's verdict.
 
 II
 
 12
 Mageean claims that the government either knowingly presented the perjured testimony of Mary Jones or failed to disclose its knowledge that Jones' testimony was false. In essence, Mageean argues that Jones may not have forfeited all the property she claimed in her testimony, that the government knew or should have known this fact, and that Mageean is entitled to at least a hearing on the issue.
 
 
 13
 "[I]f the prosecution knowingly uses perjured testimony, or if the prosecution knowingly fails to disclose that testimony used to convict a defendant was false, the conviction must be set aside if there is any reasonable likelihood that the false testimony could have affected the jury verdict." United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989). In the absence of knowing use, reversal is warranted "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id.
 
 
 14
 The district court requested Mageean file proof by way of affidavit or other admissible evidence with respect to his allegation that Jones' testimony was false and that the government knew it was false. Mageean submitted affidavits which (1) call into question whether Jones actually owned some of the property she claimed to have forfeited,[2] and (2) point out the lack of information regarding whether Jones had actually forfeited certain other properties.[3]
 
 
 15
 At most, these affidavits support a claim that Jones lied about some of the property she forfeited. Given the substantial evidence presented against Mageean, even if the government is charged with knowing that Jones exaggerated the extent of her property forfeitures, there is no reasonable likelihood that this testimony could have affected the jury's verdict. Accordingly, we hold that Mageean's Sec. 2255 motion is meritless and no evidentiary hearing is warranted. United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989) ("Section 2255 requires the district court to hold an evidentiary hearing '[u]nless the motions and files and records of the case conclusively show that the prisoner is entitled to no relief.' ") (citing 28 U.S.C. Sec. 2255) (internal quotation omitted).
 
 
 16
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas E. Fairchild, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 For example, Mageean argues that the handwritten drug formula is not a "smoking gun" because it merely shows Mageean knew how to make drugs, not that he any intention of actually making drugs. We believe the jury was entitled to find otherwise
 
 
 [2]
 Mageean submitted an affidavit by Stan Jacox which "contains an alleged recital about the history of the drug related assets of Mary Jones, some of which Mr. Jacox says she owned and others not." Excerpt of the Record at 152-53
 
 
 [3]
 For example, one of the affidavits notes that Jones sold one of her businesses, "but the discovery did not show what was realized or what happened to it." Excerpt of the Record at 153 (Declaration of James H. Feldman, Jr.)