2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan MARTINEZ-GUZMAN, Defendant-Appellant.
 No. 92-30181.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1993.
Decided Aug. 13, 1993.
 
 1
 Before PREGERSON and KLEINFELD, Circuit Judges, and INGRAM*, District Judge.
 
 
 2
 MEMORANDUM**
 
 OVERVIEW
 
 3
 In December 1991, a federal grand jury returned a superceding indictment that charged Martinez-Guzman with having committed certain crimes. Count 1 charged Martinez-Guzman with conspiracy (a) to distribute cocaine, (b) to possess with intent to distribute cocaine, (c) to employ a juvenile to distribute cocaine, and (d) to maintain a place to distribute cocaine. Counts 7 through 9 charged Martinez-Guzman with three substantive counts of distribution of cocaine. In February 1992, a jury convicted Martinez-Guzman of the conspiracy count and two of the substantive distribution counts, but acquitted him of the substantive distribution charge in Count 9. In April 1992, the district court sentenced Martinez-Guzman to 121 months' imprisonment. Martinez-Guzman timely appeals. Martinez-Guzman contends that the district court erred by (1) calculating his sentence based upon the quantity of cocaine involved in Count 9, the distribution count for which he was acquitted, (2) calculating his sentence based upon conduct not sufficiently related to the conspiracy, (3) calculating his sentence based upon drugs seized in a search of someone else's car, and (4) denying his motion for a judgment of acquittal. We have jurisdiction under 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We reverse and remand in part, and affirm in part.
 
 I. Analysis
 
 4
 A. Inclusion of Cocaine from Count 9, on which Martinez-Guzman was Acquitted
 
 
 5
 We first consider whether the district court erred by including in its guideline calculation the quantity of cocaine involved in Count 9, on which Martinez-Guzman was acquitted. This question is an issue of law, which we review de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992).
 
 
 6
 Martinez-Guzman argues that, under our decision in United States v. Brady, 928 F.2d 844 (9th Cir.1991), the district court erred by improperly including the cocaine quantity involved in Count 9 in the sentencing calculation. The government asserts that the jury did not make findings of fact inconsistent with the district court's sentencing calculation; therefore, Brady is inapplicable.
 
 
 7
 In Brady, the defendant was charged with first-degree murder, but was convicted of the lesser-included offenses of voluntary manslaughter and assault with a dangerous weapon. Brady, 928 F.2d at 845-46. At sentencing, the district court departed upward from the guidelines on the basis of the defendant's "state of mind," finding that he intended to kill the victims. Id. We held that this departure was improper, because the jury, by convicting on the lesser-included counts, had necessarily found that the defendant lacked the intent to kill. Brady, 928 F.2d at 846.
 
 
 8
 In this case, the district court instructed the jury that if the defendant was a member of the conspiracy, then "the defendant is responsible for what other conspirators said or did to carry out the conspiracy." Jury Instruction 10. The jury returned a verdict of not guilty on Count 9. Despite the acquittal on that count, the government contends that the district court could nonetheless consider the cocaine involved in Count 9, because the jury either misunderstood or ignored the conspiracy instruction. The government supports this contention by pointing to a question that the jury posed to Judge Marsh, along with the judge's response. During deliberations, the jury sent a note to the judge asking, "[o]n counts 7 through 9 does Guzman himself have to have committed the crimes personally or does Guzman as part of the conspiracy become guilty of anything any member of the group does?" In response, Judge Marsh referred the jury to instructions 11 and 12, the distribution and aiding and abetting instructions. He did not refer the jury to instruction 10, the conspiracy instruction, because the government had not requested a Pinkerton[1] instruction.
 
 
 9
 The government contends that this exchange shows that the jury's decision to acquit Martinez-Guzman on Count 9 was not premised upon a finding that the incident either did not occur or was outside the reasonable foreseeability of the conspiracy. According to the government, because the jury did not decide these factual issues, the district court is free to consider them in sentencing, consistent with our decision in Brady.
 
 
 10
 In effect, the government is alleging that the jury committed error in acquitting Martinez-Guzman on Count 9. Ordinarily, a jury acquittal on Count 9 would preclude consideration of the cocaine involved in Count 9. Brady, 928 F.2d at 852. The government, however, would have us ignore Brady because the jury's acquittal of Martinez-Guzman on Count 9 was "confused." We are, of course, precluded from reviewing an acquittal, no matter how egregiously erroneous. United States v. Ball, 16 S.Ct. 1192, 1195 (1896) ("verdict of acquittal ... [can]not be reviewed, on error or otherwise, without ... violating the Constitution"). A rule of such great importance should not be undermined by allowing de facto review of a jury acquittal whenever the district court chooses to sentence a defendant for a crime of which the defendant has been acquitted.
 
 
 11
 Our decision in Brady was motivated, in part, by a concern that "any time a judge disagreed with the jury's verdict, the judge could 'reconsider' critical elements of the offense to avoid the restrictions of the Guidelines and push the sentence to the maximum--in effect punishing the defendant for an offense for which he or she had been acquitted." Brady, 928 F.2d at 851-52. To allow the judge at sentencing to ignore the jury's verdict whenever he or she believes that the jury misunderstood the charges would be to invite the same danger. The judge, in effect, could overrule the jury by subverting its verdicts at sentencing.
 
 
 12
 In Brady, the jury's acquittal of the defendant on charges of first-degree murder necessarily implied a rejection of the mens rea that the judge at sentencing assumed existed at the time the offense was committed. Similarly, the jury's acquittal on Count 9 in the present case necessarily implies a rejection of the facts the district court considered in the sentencing of Martinez-Guzman. We hold that, under Brady, the district court erred by including the quantity of cocaine involved in Count 9 in its guideline calculation.
 
 
 13
 B. Inclusion of Cocaine from February 25 Transaction
 
 
 14
 Martinez-Guzman argues that the district court erred by including the quantity of cocaine seized on February 25, 1991 in calculating his sentence. Whether conduct in furtherance of a conspiracy is attributable to a defendant is a factual finding that we review for clear error. United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991).
 
 
 15
 This argument is without merit because the district court did not include the 1451.5 grams of cocaine seized on February 25 in its calculation. During sentencing, the court stated that "[a]s to the 2/25 occurrence, I am not satisfied that that does meet the standards of United States v. Hahn of regularity, similarity, and temporal proximity." In its written findings of fact, the court stated that "the total controlled substance from the 5/30/91, 7/22/91, 9/4/91, 10/4/91, 10/8/91, and 10/11/91 transactions is 3931.9 grams." The amounts of cocaine attributed to the six transactions listed by the court total exactly 3931.9 grams. Thus, it is clear that the district court did not include the February 25 cocaine in its sentencing calculation.
 
 
 16
 C. Inclusion of Cocaine from October 8 Transaction
 
 
 17
 Martinez-Guzman argues that the district court erred by including in its sentencing calculation the quantity of cocaine found in a car driven by Cipriano Flores-Pelayo on October 8, 1991. This is a factual question, which we review for clear error. Torres-Rodriguez, 930 F.2d at 1389.
 
 
 18
 Portland police officers arrested Flores-Pelayo on October 7, 1991, after a traffic stop. Police found one kilogram of cocaine in his car. At trial, Flores-Pelayo testified that he received the cocaine from defendant, whom he knew as "Manuel Martinez." The district court, on the basis of Flores-Pelayo's testimony, included the one kilogram of cocaine in its sentencing calculation. At the sentencing hearing the court found that:
 
 
 19
 In relation to the 1000, the kilograms that Pelayo testified he purchased from Mr. Guzman. I was satisfied with his credibility. I was satisfied that the very close similarity of the names and the statement of the police officer and the true name of Mr. Guzman could well have been either a misunderstanding at the time between the officer and Mr. Pelayo, who spoke different languages, or was, in fact, a misinterpretation of what was said. I was satisfied with Mr. Flores-Pelayo's testimony. I believe the jury found him credible in his work as an informant. And I found him credible.
 
 
 20
 Martinez-Guzman argues in his brief that the district court erred in finding Flores-Pelayo credible, because he "contradicted the information that he initially gave the police and ... had a strong incentive to lie because he was receiving an extremely favorable plea bargain in return for his testimony in court." As the above-quoted comments indicate, the district court addressed both of these issues, and found Flores-Pelayo credible. In reviewing a sentence under the guidelines, we must give "due regard to the opportunity of the district court to judge the credibility of the witnesses." United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989) (citing 18 U.S.C. Sec. 3742(e)). There is nothing to indicate that the district court's finding of credibility was clearly erroneous.
 
 D. Motion for Judgment of Acquittal
 
 21
 Martinez-Guzman argues that the district court erred by denying his motion for acquittal as to the portion of the indictment addressing events occurring before May 30, 1991. Because Martinez-Guzman failed to renew his motion at the close of evidence, we review the district court's denial of the motion for acquittal for plain error or to prevent a manifest miscarriage of justice. United States v. Mora, 876 F.2d 76, 77 (9th Cir.1989).
 
 
 22
 In making his motion for judgment of acquittal, Martinez-Guzman argued that:
 
 
 23
 In the indictment itself the indictment starts out with overt act starting January 22nd, 1991 and goes through a number of overt acts up through April 23rd, 1991. My client's not mentioned a single time there.
 
 
 24
 I think that the evidence has clearly shown that Mr. Guzman was nowhere near that restaurant or even associating with these people until the end of May, 1991.... Prior to that time before he's ever present, before he has anything to do with this situation I don't think that he was at all part of that conspiracy and I don't think there's any facts that would support his involvement or even association with these people up until that date.... I don't believe that if you come in[to a conspiracy] later you're responsible for prior acts.
 
 
 25
 This is simply incorrect. It is settled law in this circuit that a "conspirator who joins a pre-existing conspiracy is bound by all that has gone on before in the conspiracy." United States v. DiCesare, 765 F.2d 890, 900 (9th Cir.1985) (citation omitted). Here there was sufficient evidence to indicate that the cocaine conspiracy existed from January 1991 to October 1991, as charged in the indictment. There was also sufficient evidence to support Martinez-Guzman's participation in the conspiracy. As such, Martinez-Guzman was "bound by all that [went] on before" he actually joined the conspiracy. The district court did not commit plain error in denying his motion for judgment of acquittal.
 
 II. Conclusion
 
 26
 The district court erred by including at sentencing the quantity of cocaine involved in Count 9 on which Martinez-Guzman was acquitted. We, therefore, REVERSE and REMAND for resentencing. We AFFIRM the district court on all other grounds.
 
 
 
 *
 Honorable William A. Ingram, Senior District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Pinkerton v. United States, 66 S.Ct. 1180 (1946), the Supreme Court held that a conspirator is responsible for the reasonably foreseeable overt acts of other conspirators done in furtherance of the conspiracy